Marine TOPUSHYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73048.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Khachik Akhkashian, Diamond, Burt &
Akhkashian, LLP, Los Angeles, CA, for
Petitioner.

Bradley S. Bridgewater, Atty. General,
U.S. Department of Justice, Denver, CO;
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, San Francisco, CA,
for Respondent.

Before: B. FLETCHER, TROTT and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Marine Topushyan, a native of the for-
mer Soviet Union and citizen of Armenia,
petitions for review of an order of the
Board of Immigration Appeals ("BIA")
dismissing her appeal from an immigration
judge's ("IJ") order denying her applica-
tion for asylum. We have jurisdiction pur-
suant to 8 U.S.C. § 1252. We review the
denial of asylum for substantial evidence,
see Mamouzian v. Ashcroft, 390 F.3d 1129,
1133 (9th Cir.2004), and we grant the peti-
tion for review and remand for further
proceedings.

Topushyan testified that she was de-
tained for four days, sexually assaulted,
beaten until she lost consciousness during
two separate encounters with government
authorities and threatened on numerous
occasions to cease her political activities
and the agency deemed her testimony
credible. Based on this testimony, a rea-
sonable fact finder would be compelled to
conclude that Topushyan suffered past
persecution on account of her political
opinion. See Mamouzian, 390 F.3d at
1134; see also Shoafera v. INS, 228 F.3d
1070, 1074–75 (9th Cir.2000) (sexual as-
sault may constitute past persecution when
on account of a protected ground).

Once a petitioner demonstrates past
persecution, she is entitled to a presump-
tion of a well-founded fear of future perse-
cution. See Mamouzian, 390 F.3d at 1135;
8 C.F.R. § 208.13(b)(1). The government
may rebut that presumption by establish-
ing changed country conditions. See
Mamouzian, 390 F.3d at 1135. Here, nei-
ther the IJ nor the BIA reached the issue
of changed country conditions. According-
ly, we remand to the BIA to consider
whether the government rebutted the pre-
sumption of a well-founded fear of perse-
cution. See INS v. Ventura, 537 U.S. 12,
16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)
(per curiam).

* The panel unanimously finds this case suitable
  for decision without oral argument. See Fed.
  R.App. P. 34(a)(2).

PETITION FOR REVIEW GRANTED; REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.